IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MAYOR & CITY COUNCIL OF BALTIMORE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB 04-2348 |
| CSX TRANSPORTATION, INC., *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

On December 14, 2005, this Court issued an Order and Judgment granting Defendant Southwest Rail Industries, Inc.'s ("SRI") Motion for Summary Judgment on two grounds: (1) Plaintiffs the Mayor and City Council of Baltimore, the Commissioner of the Baltimore City Police Department, and the Baltimore City Parking Authority (collectively, the "City") failed to forecast sufficient evidence with respect to an element of their negligence claims against SRI.; and (2) those negligence claims were preempted by federal law. *See Mayor & City of Baltimore v. CSX Transp., Inc.*, 404 F. Supp. 2d 869, 873-79 (D. Md. 2005).[1]

Now pending is SRI's Bill of Costs, which was filed pursuant to Local Rule 109.1 and Rule 54(d) of the Federal Rules of Civil Procedure. SRI requests that this Court review the decision of the Clerk of this Court to award SRI certain costs but not others. Specifically, SRI contends that the Clerk improperly failed to tax costs related to depositions of the parties and

---

[1] The case ultimately settled pursuant to an agreement between the City and Defendant CSX Transportation Inc. ("CSX"). An Order approving the parties' Stipulation of Dismissal was entered on March 8, 2006.

certain experts because they were reasonably necessary at the time they were taken.[2]  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).   For the reasons set forth below, SRI's Bill of Costs is DENIED-IN-PART and GRANTED-IN-PART.

## DISCUSSION

**I.    Applicable Law.**

Federal Rule of Civil Procedure 54(d)(1) provides that, in the ordinary course, the prevailing party in a civil action is entitled to an award of costs:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

Fed. R. Civ. P. 54(d)(1).  The United States Court of Appeals for the Fourth Circuit has determined that Rule 54(d) gives rise to a "presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (citations omitted).  An award of costs is appropriate provided that the listed expense is both authorized by statute and reasonably necessary to the litigation.  *See Charter Medical Corp. v. Cardin*, 127 F.R.D. 111, 113 (D. Md. 1989).  Authorized expenses are set forth in 28 U.S.C. § 1920.[3]  *See*

---

[2]  SRI does not challenge many of the Clerk's findings, including (1) the Clerk's denial of SRI's request for copy fees; (2) the Clerk's award of $322.00 in witness fees; and (3) the rate at which the Clerk taxed the cost of deposition transcripts.  (*See* Paper No. 123 pp. 1-2.)

[3]  Section 1920 authorizes a judge or clerk of any court to tax the following costs:

> (1)   Fees of the clerk and marshal;
> (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and copies of papers necessarily

*also Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir. 1981) (Section 1920 enumerates the expenses that courts may tax as costs under the discretionary authority found in Rule 54(d)). Whether an expense is reasonably necessary to the litigation is a determination made by the court in light of the circumstances of the particular case. *See*, *e.g.*, 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2676 at 429 (3d ed. 1998) (collecting cases). In awarding costs to a prevailing party, the inclusion of various items within that award rests with the sound discretion of the trial court. *See Advance Bus. Sys. & Supply Co. v. SCM Corp.*, 287 F. Supp. 143, 162 (D. Md. 1968) (recognizing that a trial court possesses broad discretionary powers in allowance or disallowance of costs), *remanded on other grounds*, 415 F.2d 55 (4th Cir. 1969).

**II.     Analysis.**

    **A.     Deposition Transcripts of Parties and Experts.**

SRI seeks $10,905.25 in costs for obtaining transcripts of depositions of representatives of parties and $5,932.50 in costs for obtaining transcripts of certain expert depositions.[4] (*See*

---

                      obtained for use in the case;
(5)    Docket fees under section 1923 of this title;
(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

[4]    The Clerk of this Court did not award costs for depositions of the parties because she could not determine, based on the record before her, which deponents were representatives of the parties. (*See* Paper No. 122 p. 4 ("The undersigned was not privy to case proceedings and cannot glean who, if any, of these deponents is a 'party' to the case.").) The Clerk did not award costs for the requested expert depositions because of limitations on the Clerk's authority. (*Id.* at 2 ("In this district, the Clerk's authority to tax the cost of a deposition is limited to the depositions of the parties and those submitted in connection with the event which terminated the litigation. . . .") (citing *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 589 (D. Md. 2004) and *Taxation of Costs in a Civil Case in the United States District Court for the District of*

3

Paper No. 123 pp. 5 & 7-8.) SRI argues that taxing these costs is justified for three reasons. First, SRI contends that it entered this action at an informational disadvantage because, unlike the City and CSX, SRI was not party to the National Transportation Safety Board's three year investigation of the underlying incident. Based on this premise, SRI concludes that it was reasonably necessary, at the time, for SRI to attend each of depositions at issue to develop its defense and counterclaims. (*See* Paper No. 123 p. 7.) Second, SRI argues that the depositions of CSX's witnesses were relevant to SRI's defense because SRI and CSX shared joint and several liability. (*Id*. at p. 9.) Finally, SRI argues that all of the transcripts in the case were relevant to its motion for summary judgment because SRI needed to review *all* such transcripts to identify the *absence* of relevant evidence with respect to certain elements of the City's negligence claims. (*Id*.)

In its discretion, this Court will not tax the costs of obtaining transcripts of depositions of representatives of parties and experts identified by SRI. First, SRI has failed to present a sufficient basis for concluding that each of the 77 deposition transcripts constituting approximately 13,000 pages was reasonably necessary to the litigation at the time the deposition was taken. This Court finds that the reasons offered by SRI are too general to support any conclusions regarding the particular depositions at issue. Second, none of these depositions were submitted in connection with the dispositive motion that terminated SRI's role in the litigation. Accordingly, this Court will not tax the costs of obtaining transcripts of depositions of representatives of parties and experts identified by SRI.

  **B.**  **Deposition Transcripts of Witnesses Testifying about SRI.**

SRI requests that if this Court denies SRI's requests for costs associated with depositions

---

*Maryland*, pp. 5-6 (D. Md. 2002)).)

of representatives of the parties and certain experts, then SRI seeks $4,501.50 in costs for obtaining transcripts of depositions of witnesses who offered testimony regarding SRI or the tank car SRIX 30015.  (*See* Paper No. 123 p. 10 (identifying 16 deposition transcripts that constitute approximately 3,350 pages)).  In its discretion, this Court will tax these costs.  Although not attached to SRI's dispositive motion, the nature of the testimony obtained indicates that each of the depositions at issue was reasonably necessary when taken.  Accordingly, the requested transcript costs will be allowed.

        C.       **Videotaped Deposition of Dr. Raj.**

SRI seeks $5,932.50 in costs for videotaping the deposition of Dr. Raj.  (*See* Paper No. 123 p. 11.)  SRI justifies its decision to videotape Dr. Raj by explaining that, during his deposition, Dr. Raj made "extensive references to exhibits" and "several visual presentations" that were "critical" in helping SRI attack Dr. Raj's decisions.  (*Id.*)  In its discretion, this Court will not tax the cost of videotaping Dr. Raj's deposition.  First, this Court finds that SRI has failed to present a sufficient basis for concluding that *videotaping* Dr. Raj's deposition was reasonably necessary at the time the deposition was taken.  Counsel for SRI could have verbally described Dr. Raj's "visual presentations" at the deposition.  Alternatively, counsel for SRI could have requested that Dr. Raj draw a picture of his "visual presentations" for purposes of introducing the resulting picture as a deposition exhibit.  These are reasonable, alternative methods of capturing Dr. Raj's visual presentations on the record without videotaping his deposition.  *See also Cherry v. Champion*, 186 F.3d at 449 ("The concept of necessity for use in the case connotes something more than *convenience* or duplication to ensure alternative methods for presenting materials at trial.") (emphasis added).  Second, the videotape of Dr. Raj's deposition was not attached to the dispositive motion that terminated SRI's role in the litigation.

Accordingly, this Court will not tax the costs of videotaping the deposition of Dr. Raj.

## CONCLUSION

For the reasons set forth below, SRI's Bill of Costs is DENIED-IN-PART and GRANTED-IN-PART. As a result, costs are taxed in favor of SRI and against the City in the total amount of $4,501.50. A separate Order follows.

Dated: October 3, 2006                    /s/ _____
                                          Richard D. Bennett
                                          United States District Judge